```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ROBERT SANDERS,                                                    :
                                                                   :
                              Plaintiff,                           :
                                                                   :      19-cv-5525 (LJL)
               -v-                                                 :
                                                                   :      MEMORANDUM AND
RICHARD JOHNSON,                                                   :           ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant Richard Johnson ("Johnson") moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint against him. This Court previously granted an identical motion to dismiss filed by former defendants in this case. *See* Dkt. No. 52. Johnson's motion is unopposed by Plaintiff. For the following reasons, the motion to dismiss is granted.

## PROCEDURAL HISTORY

Familiarity with the Court's previous Opinion and Order is assumed. *See* Dkt. No. 52.

Plaintiff Robert Sanders ("Plaintiff"), a pro se litigant, brought several claims under 42 U.S.C. § 1983 against two police officers ("Simonovic" and "Cintron") and their captain, Johnson. Dkt. No. 10. Simonovic and Cintron filed a motion to dismiss, which this Court granted. Dkt. No. 52. In ruling on the motion to dismiss, this Court held that the claims against Simonovic and Cintron were all "time-barred, barred under *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)], or lack[ed] personal involvement by the[] Defendants," and that "the Amended Complaint provide[d] no indication that there are facts that could cure those deficiencies." *Id.* at 25. The Court dismissed Plaintiff's Section 1983 claims with prejudice, but granted Plaintiff

leave to amend his complaint with regard to his "claim based on injuries allegedly incurred while at Samaritan Day Top Village." *Id.* Plaintiff has not amended his complaint.

Defendant Johnson was served on March 30, 2021, after this Court ruled on the other Defendants' motion to dismiss. Dkt. No. 54; *see also* Dkt. No. 52 at 5 n.9 (explaining this delay). On June 1, 2021, Johnson moved to dismiss the case against him. Dkt. No. 59. The Court set August 20, 2021, as the deadline for Plaintiff to oppose the motion, and September 3, 2021, as the due date for Johnson's reply. Plaintiff has yet to file an opposition. On September 17, 2021, Johnson asked this Court to consider the motion as unopposed. Dkt. No. 61.

**LEGAL STANDARD**

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the material facts as alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (citing *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When adjudicating a motion to dismiss under Rule 12(b)(6), the court considers not only the well-pleaded allegations of the complaint but documents incorporated by reference and "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 382-83 (S.D.N.Y. 2020). The Second Circuit has held that the "prosecution of [an individual] is a matter of public record, of which [a court] take[s] judicial notice." *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005). Thus, on motions to dismiss, "courts have taken judicial notice of criminal court certificates of disposition," *Forbes v. City of New York*, 2016 WL 6269602, at *4 (S.D.N.Y. Oct. 26, 2016) (citing cases), as well as of

other court filings, including guilty plea minutes, sentence and commitment forms, and true bills of indictment, if their authenticity is not challenged, *see Magnotta v. Putnam Cnty. Sheriff*, 2014 WL 705281, at *3 (S.D.N.Y. Feb. 24, 2014).

The Court is obligated to construe *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). This obligation "is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel*, 287 F.3d at 146; *see Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). However, while the Court construes *pro se* pleadings liberally, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure. *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); *see Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (requiring that *pro se* litigants allege sufficient facts to indicate deprivation of a constitutional right).

## DISCUSSION

This motion to dismiss pertains to the same claims that Plaintiff brought against Defendants Simonovic and Cintron; this Court has already ruled on the viability of those claims and granted the motion to dismiss by Defendants Simonovic and Cintron. *See* Dkt. No. 52. In dismissing Plaintiff's complaint against Defendants Simonovic and Cintron, this Court held that Plaintiff's "Section 1983 claims based on excessive force, unlawful seizure, and false arrest are now untimely." *Id.* at 13. The Court further dismissed Plaintiff's malicious prosecution claim because "the termination of Plaintiff's case was . . . was not favorable to him and does not permit

him to maintain a malicious prosecution claim," *id.* at 17, and it dismissed Plaintiff's claims based on his treatment during pre-trial detention because his "allegations about his treatment before his guilty plea do not raise a claim under the Eighth Amendment," *id.* at 20, nor do they state a claim under the Fourteenth Amendment, *id.* at 21.  The Court held that Plaintiff's complaint further failed to state Fourteenth Amendment claims of deliberate indifference, excessive force, or invasive search.  *Id.* at 21-24.  The Court dismissed Plaintiff's claims "with respect to Samaritan Day Top Village" because they "do not allege any conduct by [Defendants] in connection with the conduct about which Plaintiff complains." *Id.* at 24.

Plaintiff's claims against Defendant Johnson are identical to those against Simonovic and Cintron and therefore fail for the same reasons outlined in the Court's prior Opinion and Order, described above.  Moreover, the one difference between the claims against Johnson and the previously dismissed claims against Simonovic and Cintron is that Johnson was their supervisor. Although Sanders brought the same claims against Simonovic, Cintron, and Johnson, he did not allege that Johnson directly took part in any of the challenged conduct.  Instead, his claims against Johnson rest on Johnson's alleged indifference to the actions of his subordinates.  *See* Dkt. No. 10.  This further undermines Sanders's complaint against Johnson, because "there is no special rule for supervisory liability" and so "[t]he [constitutional] violation[s] [alleged] must be established against the supervisory official directly." *Tangreti v. Bachmann*, 983 F. 3d 609, 618 (2d Cir. 2020).  As this Court previously held, Plaintiff has not stated a claim for relief against Simonovic and Cintron.  The same is true for his virtually identical claims against Johnson.

## CONCLUSION

For the foregoing reasons, Defendant Johnson's motion to dismiss is GRANTED with prejudice.

The Clerk of Court is respectfully directed to close the case and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

Dated: October 11, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge